J-S14028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                     :           PENNSYLVANIA
                                                     :
                   v.                          :
                                                     :
                                                      :
RYAN SURRATT                             :
                                                      :
                   Appellant         :       No. 1189 WDA 2021

Appeal from the PCRA Order Entered September 1, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003462-2018

BEFORE:    McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:       **FILED:  December 14, 2022**

Ryan Surratt (Appellant) appeals from the order entered in the Allegheny County Court of Common Pleas, denying without a hearing his first, timely Post Conviction Relief Act[1] (PCRA) petition.  Appellant seeks relief from the judgment of sentence imposed following his non-jury convictions of firearms and marijuana possession offenses.  On appeal, he contends the PCRA court erred in denying relief on his claim that suppression counsel was ineffective for abandoning a challenge to the police department's inventory search policy.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9545.

## I. Facts & Procedural History

The following evidence was presented at the suppression hearing. Shortly after midnight on November 3, 2016, Homestead Police Officer Charles Thomas, on routine patrol, initiated a vehicle stop of a Jeep Grand Cherokee on the grounds of speeding and two broken taillights. Officer Thomas activated his lights and sirens. He then observed Appellant, who was the rear, right-side passenger, "lean slightly forward towards . . . the front seat." N.T. Suppression, 4/18/17, at 5.

Officer Thomas determined the driver, Ashley Harris, did not have a driver's license and had an active arrest warrant; she was arrested. N.T., 4/18/17, at 6-8. Appellant, as well as the front passenger,[2] likewise did not have valid driver's licenses. *Id.* at 7. They were removed from the vehicle, and the decision was made to impound the vehicle and conduct an inventory search. *Id.* at 9.

Allegheny County Police Sergeant and Detective Louis Ferguson, and his partner, responded to assist with the traffic stop. N.T., 4/18/17, at 23-24. Detective Ferguson conducted a pat-down of Appellant, for officer safety, and then the officers began the inventory search. *Id.* at 27. Detective Ferguson was standing at the rear, passenger side of the vehicle and "as soon as

---

[2] The front passenger was identified only as "Ms. James." *See* N.T., 4/18/17, at 7.

[Appellant] moved away from the vehicle," he shone a flashlight into the car. *Id.* at 28, 29. Detective Ferguson "immediately saw" a handgun "on the floorboard of the vehicle, mostly under the [front passenger] seat." *Id.* at 25, 28. He described the vehicle as having "power seats [with a] huge wire bundle" under the seat, "separating the front from the back," and thus one could not "look[ ] under the seats [and] see all the way through[.]" *Id.* at 30. At some point, "a small amount of marijuana" was found on Appellant's person. N.T. Pretrial Motions, 9/14/17, at 3.

Appellant was charged with firearm possession offenses and possession of marijuana. He filed a motion to suppress, challenging the legality of the inventory search.[3] The trial court conducted a hearing on April 18, 2017, at which Appellant was represented by Owen Seman, Esquire (Suppression Counsel).[4] Officer Thomas, who initiated the traffic stop, testified the Homestead Police Department has an inventory search policy; however, he did not have a written policy. N.T., 4/18/17, at 17. Nevertheless, the officer stated, the department utilizes a form, which states "what is to be searched," and which must be filled out. *Id.* This form does not include any instructions,

---

[3] *See* Appellant's Amended PCRA Petition, 10/19/20, at 2. We note the suppression motion, and in fact all the pre-trial filings — aside from the criminal complaint and information — were not included in the certified electronic record transmitted on appeal.

[4] Appellant was represented at his two trials by different attorneys.

but "leads [the officers] through the entire policy" and "lists what [was] found while searching the car[.]" *Id.* at 19, 32-33. The form for the search of this vehicle, completed by Officer Thomas, was presented at the suppression hearing. *Id.* at 22, 31.

At the conclusion of this hearing, Suppression Counsel requested additional time to review case authority — specifically on an officer's inability to sufficiently explain how an inventory search was to be performed. N.T., 4/18/17, at 33. The trial court agreed and permitted Appellant time to file a supplemental motion, and for the Commonwealth to present "the actual policy from the Homestead Police Department." *Id.* at 34.

The trial court next conducted a hearing on September 14, 2017. It summarized that while it had allowed both parties to further address "the suppression issue," neither party had filed anything. N.T., 9/14/17, at 2. Suppression Counsel advised the court that the Commonwealth had provided him with the Homestead Police Department inventory policy and stated, "[T]hat satisfied me on that [sic]." *Id.*

The charges proceeded to a bifurcated jury trial, which ended in a mistrial, on March 22, 2018, on a charge of firearms not to be carried without a license.[5] The trial court did not return a verdict on the remaining counts.

_____

[5] 18 Pa.C.S. § 6106.

- 4 -

A second bifurcated bench trial commenced on September 20, 2018. It likewise ended in a mistrial when the jury was unable to reach a verdict on that same offense. The Commonwealth *nolle prossed* that charge. The trial court then found Appellant guilty of persons not to possess a firearm, carrying a loaded weapon, and possession of a small amount of marijuana.[6] On December 18th, the trial court imposed a sentence of five to 10 years' imprisonment.

Appellant took a timely direct appeal. He argued, *inter alia*, the Commonwealth failed to establish a standard inventory procedure was followed, and thus the search violated his constitutional rights. This Court determined that because Suppression Counsel abandoned this issue, the claim was waived for appeal. **Commonwealth v. Surratt**, 331 WDA 2019 (unpub. memo. at 15) (Pa. Super. Apr. 14, 2020). Thus, on April 14, 2020, this Court affirmed the judgment of sentence. Appellant did not seek further direct appeal review.

## II. PCRA Petition

Appellant filed a timely *pro se* PCRA petition, which was not included in the trial record nor entered on the trial docket. **See** Appellant's Amended PCRA Petition at 5. In June of 2020, Marco Attisano, Esquire (PCRA Counsel), was appointed to represent Appellant. On October 19, 2020, he filed an

---

[6] 18 Pa.C.S. §§ 6105(a)(1), 6106.1(a); 35 P.S. § 780-113(a)(31).

"Amended PCRA Petition," alleging Suppression Counsel was ineffective for abandoning a challenge to the inventory search. Suppression Counsel attached an undated "Witness Certification," which stated, in sum, that Suppression Counsel "will testify" he "did not intend to abandon the inventory search issue at the [latter suppression hearing] and therefor[e] had no reasonable basis for abandoning the inventory issue." *Id.* at Exh (unnumbered). We note, however, this "Witness Certification," was signed by PCRA Counsel, not Suppression Counsel. The Commonwealth filed an answer.

On July 16, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a counseled response, but on September 1st, the court entered the underlying order denying PCRA relief. Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

PCRA Counsel was subsequently granted leave to withdraw from representation, and Appellant's present counsel, Charles Pass, Esquire, was appointed.

### III.  Statement of Question Presented

Appellant presents two issues for our review:

1.  Whether the PCRA court erred in concluding the underlying suppression issue lacked arguable merit[?]

2.  Whether the PCRA court erred in dismissing [Appellant's] PCRA Petition without an evidentiary hearing because without such a hearing the PCRA court did not have evidence from which to

conclude trial counsel had a reasonable basis for abandoning the inventory search issue at the suppression hearing, which said abandonment only served to deny [Appellant] the ability to receive appellate review on the suppression court's decision did not further [Appellant's] interests in any shape or manner?

Appellant's Brief at 2.

## IV.  Standard of Review & Relevant Law

We first note:

> Our standard of review from the denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error.  This Court will not disturb findings that are supported by the record.

*Commonwealth v. Watley*, 153 A.3d 1034, 1039–40 (Pa. Super. 2016)

(citations & quotation marks omitted).

> With respect to a claim of ineffective assistance of counsel:
>
> [T]he defendant bears the burden of proving ineffectiveness.  To overcome the presumption of effectiveness, a PCRA petitioner must demonstrate that: (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance.   A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs.
>
> To establish the second ineffectiveness prong, the petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. . . .

*Watley*, 153 A.3d at 1040 (citations & quotation marks omitted; paragraph break added).  Additionally,

[t]he failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel. . . . [T]he defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable.

*Id.* at 1044 (citation & quotation marks omitted).

Generally, a search warrant is required for a vehicle search. *Commonwealth v. West*, 937 A.2d 516, 526 (Pa. Super. 2007). However, a warrantless inventory search[7] is permitted if the Commonwealth can

establish that the police lawfully impounded the vehicle and . . . that, while searching the vehicle, they followed a reasonable, standard policy which did not exceed what was necessary for the care-taking objectives of the search. . . .

*Id.* at 526-27 (citations omitted). If a court finds that a search "was an inventory search of an automobile lawfully in police custody, then any evidence seized as a result of this 'reasonable' inventory search is admissible." *Commonwealth v. Gatlos*, 76 A.3d 44, 55–56 (Pa. Super. 2013) (citation omitted).

_____

[7] We note:

The purpose of [an inventory] search is not to find evidence of crime. Rather, it is intended: (1) to protect the owner's property while in official custody; (2) to protect the police against claims of lost or stolen property; (3) to protect the police from danger; and/or (4) to help the police in determining whether the vehicle was stolen and abandoned.

*West*, 937 A.2d at 526.

- 8 -

## V. Appellant's Ineffective Assistance Claim

Appellant maintains Suppression Counsel was ineffective for not pursing a challenge to the inventory search policy. First, he argues the underlying claim has merit — the Commonwealth failed to present evidence of a reasonable inventory policy, either *via* written policy or testimony that adequately describes the terms of the policy.[8] Appellant's Brief at 15. Next, Appellant maintains Suppression Counsel had no reasonable basis for not pursuing this challenge to the inventory policy. Finally, Appellant claims he was prejudiced, reasoning that had the suppression issue been preserved on direct appeal, a new trial — excluding the illegally-obtained contraband — would have been granted and he likely would have been acquitted. *Id.* at 21. We conclude no relief is due.

Preliminarily, we emphasize Appellant does not acknowledge the PCRA court's reasoning, let alone argue why the court's decision was in error.

_____

[8] Appellant further denies the handgun was in plain view, as was argued by the Commonwealth. Appellant's Brief at 16, *citing* Commonwealth's Answer to Post Conviction Relief Act Petition, 2/11/21, at 7 (unpaginated). Instead, he maintains, Officer Thomas had testified no weapon was readily visible in the vehicle. Appellant's Brief at 16-17, *citing* N.T., 4/18/17, at 16. To the extent Detective Ferguson observed the handgun in plain view, Appellant reasons, he "was not in a lawful vantage point when he discovered the firearm[,]" as there was no applicable exception to the requirement for a search warrant. Appellant's Brief at 17 & n.11.

In light of our disposition, *infra*, we do not reach this issue as to whether the handgun was in plain view.

Instead, Appellant presents his ineffectiveness claim arguments as if in the first instance. We remind counsel we are "an error correcting court," whose duty is to review the decisions of the PCRA court, and not undertake *de novo* review of his claims. **See Commonwealth v. Snyder**, 60 A.3d 165, 178 (Pa. Super. 2013) (citation omitted).

In its Rule 907 notice of intent to dismiss, the PCRA court summarized: "[T]he crux of the ineffectiveness claim is whether the record sufficiently establishes . . . there was an inventory search policy and that [the] search was conducted pursuant to it." Notice of Intent to Dismiss PCRA Without a Hearing Pursuant to Pa.R.Crim.P. 907, 7/16/21, at 3 (unpaginated). The court recounted that at the second suppression hearing, on September 14, 2017, Suppression Counsel informed the court he was provided, and he reviewed, the written policy and "was satisfied that the search was conducted pursuant to that policy.[ ]" **Id.** at 3-4. The court thus concluded Suppression Counsel "had a reasonable and strategic basis for the decision to abandon the claim[.]" **Id.** at 4.

As stated above, Appellant does not address, nor refute, this reasoning by the PCRA court. We agree that although the written inventory search policy was not admitted into evidence at the suppression hearing, Suppression Counsel was subsequently provided a copy, reviewed it, and determined there was no meritorious claim to be made with respect to it. **See** N.T., 9/14/17, at 2. Accordingly, we agree with the PCRA court that Appellant has not

established the second prong of an ineffectiveness claim — that counsel lacked a reasonable basis for his actions or failure to act. *See Watley*, 153 A.3d at 1040.

Additionally, we reiterate the "Witness Certification," attached to the Amended PCRA Petition, stated Suppression Counsel would testify he had no reasonable basis for abandoning the suppression issue. However, this statement was not signed by Suppression Counsel, but rather by PCRA Counsel, and there was no explanation how PCRA Counsel came to know of Suppression Counsel's intent. *See* 42 Pa.C.S. § 9545(d)(1)(i) ("Where a petitioner requests an evidentiary hearing, the petition shall include a certification **signed by each intended witness** . . and shall include any documents material to that witness's testimony."), (ii) ("If a petitioner is unable to obtain the signature of a witness[, they] shall include a certification, [specifying] the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature."). *But see Commonwealth v. Pander*, 100 A.3d 626, 642 (Pa. Super. 2014) (PCRA "certification requirement can be met by an attorney or *pro se* petitioner certifying what the witness will testify regarding" and PCRA petition is not required to file affidavits to be entitled to an evidentiary hearing). In any event, we affirm the order denying relief on the rationale we set forth above.

## VI.  Conclusion

For the foregoing reasons, we conclude the PCRA court did not abuse its discretion in denying Appellant's PCRA claims.  ***See Watley***, 153 A.3d at 1039–40.  Thus, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/14/2022